1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

EUREKA DIVISION

7

8

INES MENDEZ,

Plaintiff,

Case No.  14-cv-03756-NJV

9

10

v.

**ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

11

CALIFORNIA FORENSIC MEDICAL GROUP, INC., *et al.*,

Re: Dkt. No. 24 & 27

12

Defendants.

13

14          Before the court are Defendants' Motions for Summary Judgment (Docs. 24 & 27) and

15   Plaintiff's Responses (Docs. 41 & 42).  For the reasons that follow, the motions are granted as to

16   the federal claims contained in Counts I and II, and the state law claims contained in Count I are

17   dismissed.

18   **I.          PROCEDURAL BACKGROUND**

19          Defendants removed this action from the Superior Court County of Humboldt on August

20   19, 2014.  All parties consented to the jurisdiction of the undersigned pursuant to the provisions of

21   28 U.S.C. § 636(c).  (Docs. 8, 12, &14).  Due to some confusion, the parties filed separate Case

22   Management Statements.  *See* Defs.' Statement (Doc. 18); Order to Show Cause (Doc. 17); Pl.'s

23   Statement (Doc. 18).  An initial Case Management Conference was held on November 18, 2014,

24   wherein the parties agreed to engage in limited discovery in order to determine whether Plaintiff's

25   claims were properly filed against these Defendants.  A second Case Management Conference was

26   held on January 13, 2015, and a Case Management Order was entered setting a jury trial for

27   November 16, 2015, with a non-expert discovery cutoff of June 11, 2015, and a dispositive

28   motions hearing set for August 11, 2015.  *See* Order (Doc. 23).

United States District Court
Northern District of California

United States District Court
Northern District of California

On June 24, 2015, Defendant California Forensic Medical Group ("CFMG") filed its Motion for Summary Judgment. (Doc. 24). On July 8, 2015, Defendants Humboldt County Correctional Facility ("HCCF") and Humboldt County Sheriff's Department filed their Motion for Summary Judgment. (Doc. 27). On July 28, 2015, after Plaintiff had failed to timely file any responses in opposition to the Motions, the court canceled the hearing set for August 11, 2015 and pursuant to Civil Local Rule 7-1(b), took the Motions under submission. *See* Order (Doc. 28).

On August 4, 2015, the court issued an order which stated that:

> According to the State Bar of California, Counsel for Plaintiff, Steven Turner Davies, was suspended from the practice of law in California on July 1, 2015. Accordingly, it is ordered that Counsel for Plaintiff shall appear in person on August 11, 2015, at 10:00 a.m. at the United States District Court, 3140 Boeing Avenue, McKinleyville, CA 95519, and show cause why he should not be sanctioned for violation of L.R. 11.

> Further, Counsel Davies shall, on or before August 6, 2015, personally serve a copy of this order on Plaintiff and instruct Plaintiff to attend the August 11, 2015 hearing. In addition, Counsel shall, on or before 12:00 p.m. on August 7, 2015, certify in writing that service has been perfected and deliver that certification by hand to the Clerk's Office at 3140 Boeing Avenue, McKinleyville, CA 95519.

Order (Doc. 29). On the morning of August 11, 2015, Plaintiff's Counsel filed two responses to the Motions for Summary Judgment. Counsel then appeared at 11:00 a.m. for the 10:00 a.m. hearing and: 1) admitted that he was not eligible to practice law within the state of California; and 2) admitted that he had not served Plaintiff with a copy of the court's previous order. Following the hearing, the court issued an order stating that: "The situation now is that Plaintiff does not have a lawyer representing him in this matter and may not even know it." Order of Aug. 8, 2015 (Doc. 32). The court also struck the Responses filed by Plaintiff's Counsel as they were filed in violation of Local Rule 11 (Counsel was not authorized to practice in the State of California or this District), and vacated the trial date. *Id.* The court set the matter for another hearing on August 25, 2015, in an attempt to notify Plaintiff of the events in the case. To that end, the court sent copies of its orders to Plaintiff's two last known addresses. On August 25, 2015, at 10:00 a.m. the court called the matter and noted for the record that neither Plaintiff, not his counsel had appeared for the hearing. At 10:12 a.m., after learning that Plaintiff's Counsel had arrived at the courthouse,

2

United States District Court
Northern District of California

the court recalled the matter.  Plaintiff's Counsel informed the court that he had been reinstated to the State Bar of California, but he did not know why his client was not present for the hearing. The court informed Counsel that he would have to be reinstated with the District in order to continue in this case and reset the matter for a Show Cause hearing for September 22, 2015, for Plaintiff to show cause as to why this case should not be dismissed for failure to prosecute and for disobeying the orders of the court.  The court was intent on making sure that Plaintiff was aware of the fact that his attorney had been, for a period of time, ineligible to practice law and had missed the responsive pleading deadlines and to determine how and if Plaintiff intended to proceed.  On September 22, 2015, Plaintiff appeared before the court and confirmed that he intended to prosecute this action and that he wished for Counsel to remain on the case. Accordingly, the court discharged the Show Cause Order and allowed Counsel to re-file the Responses.

## II.    FACTUAL BACKGROUND

The Court has carefully considered all exhibits submitted in support of the pleadings, and the statements of facts contained within the Motions for Summary Judgment and the Responses.[1] The submissions of the parties, viewed in the light most favorable to the non-moving party, establish the following relevant facts:

Plaintiff was injured on or about February 17, 2013, while working as a Sheriff's Work Alternative Program laborer.  Plaintiff was assigned to work with a log splitter.  Plaintiff's left index finger became lodged in a crack in the log and was crushed by the machinery.

On February 24, 2013, Plaintiff was arrested by the Eureka City police Department and housed in the HCCF.  CFMG contracts with the HCCF to provide medical care within their facilities.  CFMG provided Plaintiff with medical care during the time he was incarcerated.  On March 12 and 26 of 2013, the first segment of Plaintiff's finger was amputated at St. Joseph's

---

[1]  Much of Plaintiff's facts are supported by Plaintiff's Declaration and Counsel's Declaration.  The court approaches these facts mindful that "[a] conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."  *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997).

1    Hospital in Eureka, California, due to infection.

2        Plaintiff successfully filed a complaint for workers' compensation and was awarded the

3    payment of his medical bills, disability payments, and a cash settlement.

4    **III.    LEGAL STANDARDS**

5        A court "shall" grant summary judgment when the pleadings, discovery, and evidence

6    show that there is "no genuine issue as to any material fact and the movant is entitled to judgment

7    as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it could affect the outcome of the

8    action, and a dispute about a material fact is "genuine" "if the evidence is such that a reasonable

9    jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

10   242, 248 (1986).

11       The moving party bears both the initial burden of production as well as the ultimate burden

12   of persuasion to demonstrate that no genuine dispute of material fact exists. *Nissan Fire &*

13   *Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  Once the moving

14   party meets its initial burden, the nonmoving party is required "to go beyond the pleadings and by

15   [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file,

16   designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*,

17   477 U.S. 317, 324 (1986) (internal quotations and citations omitted); *see also* Fed. R. Civ. P.

18   56(c)(1).  Courts considering summary judgment motions are required to view the evidence in the

19   light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*

20   *Corp.*, 475 U.S. 574, 587 (1986).  If a reasonable jury could return a verdict in favor of the

21   nonmoving party, summary judgment is inappropriate. *Liberty Lobby*, 477 U.S. at 248.

22   **IV.    DISCUSSION**

23       Prior to the discussion of Defendants' Motions the court must perform some legal "house-

24   keeping."  With regard to the parties, neither the HCCF, nor the Humboldt County Sheriff's Office

25   is a proper party in this case.  "Although municipalities, such as cities and counties, are amenable

26   to suit under [§ 1983], sub-departments or bureaus of municipalities, such as the police

27   departments, are not generally considered 'persons' within the meaning of § 1983." *Cooke v.*

28   *Liles*, No. C 12-1844 SBA, 2013 WL 1196990, at *4 (N.D. Cal. Mar. 25, 2013) (citing *Hervey v.*

United States District Court
Northern District of California

4

*Estes*, 65 F.3d 784, 791 (9th Cir. 1995)).  Accordingly, the court construes Plaintiff's claims as being against the County of Humboldt ("the County").

As to Plaintiff's claims, Counts I and II of the Complaint are very similar in that they both allege that Defendants had a duty to provide Plaintiff adequate medical care under the Eighth Amendment.  Count I asserts that Defendants' actions deprived Plaintiff of his liberty and property in violation of the Eighth and Fourteenth Amendments.  Count II, while titled "Second Cause of Action Based on 42 U.S.C. § 1983," asserts that Defendants acted with deliberate indifference, which resulted in the deprivation of rights protected under the United States Constitution. Because § 1983 "is the vehicle whereby plaintiffs can challenge actions by governmental officials," *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002), and because the duty to provide medical care means the "right to not have officials remain deliberately indifferent to [a detainees] serious medical needs," *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996), the court reviews these two Counts together and construes them as arising under the Eighth and Fourteenth Amendments and brought pursuant to § 1983.  Count III is simply a request for injunctive relief. "[A] request for injunctive relief by itself does not state a cause of action."  *Edejer v. DHI Mortgage Co.*, No. C 09-1302 PJH, 2009 WL 1684714, at *10 (N.D. Cal. June 12, 2009); *see also Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("An injunction is a remedy, not a separate claim.").

### A.    Federal Claims

As to the § 1983 claims in Counts I and II, both the County and CFMG move for summary judgment on the basis that Plaintiff is unable to show a "constitutionally infirm policy or procedure" that "resulted in the delivery of constitutionally deficient care to [P]laintff."  CFMG's Mot. (Doc. 24-1) at 10; *see* County Mot. Doc. 27 at 12 ("[T]here is no evidence of any unconstitutional municipal policy.").  Both Defendants also argue that the medical care provided to Plaintiff met the applicable standard of care and Plaintiff cannot show a deliberate indifference to his serious medical need.  Plaintiff does not respond to Defendants' arguments regarding a policy or procedure.  Instead, Plaintiff attacks GFMG's reliance on medical expert opinion regarding the standard of care.  In response to the County, Plaintiff asserts that he has submitted

sufficient evidence for a reasonable person to find that his injury on the log-splitter was the result of inadequate training and supervision.

"To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)).  Generally, while private parties do not act under the color of state law, action taken by private individuals or organizations may be under color of state law if "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295–96 (2001).  Because CFMG contracts with HCCF to provide medical services within the correctional facility,[2] Plaintiff may bring suit against CFMG "under section 1983 against it as if it is a local government unit." *Price v. Stanislaus Cnty. Sheriff's Dep't*, 2007 WL 2572125, at *2 (E.D. Cal. Sept. 5, 2007).

"A municipality may be held liable under a claim brought under § 1983 only when the municipality inflicts an injury, and it may not be held liable under a *respondeat superior* theory." *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1185 (9th Cir. 2002) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978)).

> The Supreme Court has held that municipalities may be held liable as "persons" under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 694, 98 S.Ct. 2018. A plaintiff may also establish municipal liability by demonstrating that (1) the constitutional tort was the result of a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority "delegated that authority to, or ratified the decision of, a subordinate." *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 984–85 (9th Cir. 2002).

*Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008).  "It is insufficient for a plaintiff only to allege

---

[2]  County Br. (Doc. 27) at 5; Comp. (Doc. 1-1) ¶4.

1   that supervisors knew about the constitutional violation and that they generally created policies

2   and procedures that led to the violation, without alleging 'a specific policy' or 'a specific event'

3   instigated by them that led to the constitutional violations."  *Cox v. California Forensic Med.*

4   *Grp.*, No. 14-CV-04662-KAW, 2015 WL 237905, at *1 (N.D. Cal. Jan. 14, 2015) (citing *Hydrick*

5   *v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

6         CFMG argues that Plaintiff has failed to plead or prove an existent "policy or procedure

7   under *Monell* that allowed . . . infirm care to have been provided to Plaintiff."  CFMG Mot. (Doc.

8   24-1) at 10.  Indeed, while the Complaint does allege that the County does "not have a policy and

9   procedure for verifying with outside treating doctors whether incarceration is preventing an inmate

10  from attending scheduled treatment,"[3] it does not allege anything regarding a policy or procedure

11  in relation to CFMG.  Similarly, Plaintiff's Response to the Motion for Summary Judgment fails

12  to mention CFMG's policies and procedures, much less "'a specific policy' or 'a specific event'

13  instigated by them that led to the constitutional violations."  *Cox*, 2015 WL 237905, at *1.  Neither

14  does the Complaint, nor Response allege the omission of a policy or procedure by CFMG that

15  resulted in a constitutional violation.  Because Plaintiff has failed to establish a policy or

16  procedure, or even the omission of a policy or procedure on the part of CFMG, he has failed to

17  establish liability against CFMG under 42 U.S.C. § 1983.

18        Turning to the County, and looking to the allegations in Plaintiff's Complaint, it appears

19  Plaintiff is asserting that the County's omission of a policy resulted in the constitutional violation.

20  "A plaintiff can allege that through its *omissions* the municipality is responsible for a

21  constitutional violation committed by one of its employees, even though the municipality's

22  policies were facially constitutional, the municipality did not direct the employee to take the

23  unconstitutional action, and the municipality did not have the state of mind required to prove the

24  underlying violation."  *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1186 (9th Cir. 2002)

25  (emphasis in original).  "However, because *Monell* held that a municipality may not be held liable

26  under a theory of respondeat superior, a plaintiff must show that the municipality's deliberate

27

28
_____
[3] Comp. (Doc. 1-1) at ¶29

United States District Court
Northern District of California

1    indifference led to its omission and that the omission caused the employee to commit the

2    constitutional violation." *Id.* Plaintiff's claims against the County fail in two respects.

3          First, Plaintiff fails to show that the County "was on actual or constructive notice that its

4    omission would likely result in a constitutional violation." *Id.* (citing *Farmer v. Brennan,* 511

5    U.S. 825, 841 (1994)).  Second, Plaintiff fails to show that anyone, much less the County acted

6    with deliberate indifference to Plaintiff's serious medical need.  Plaintiff brings his claims

7    pursuant to the Fourteenth and Eight Amendment.  The Fourteenth Amendment's Due Process

8    Clause applies to pretrial detainees, while the Eighth Amendment's protection against cruel and

9    unusual punishment applies to persons post-conviction.  Because both counts in the Complaint

10   concern the same time period and events, Plaintiff could bring his claims pursuant to one

11   Amendment, but not both.  The court applies the same standard in either case.  *See Simmons v.*

12   *Navajo Cnty*., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010);  *see also, Clouthier v. Cnty. of Contra*

13   *Costa*, 591 F.3d 1232, 1242 (9th Cir. 2010) ("[W]e have concluded that the "deliberate

14   indifference" standard applies to claims that correction facility officials failed to address the

15   medical needs of pretrial detainees.").

16         Both the County and CFMG contend that the medical care provided to Plaintiff was within

17   the standard of care and thus Plaintiff is unable to show a deliberate indifference to a serious

18   medical need.  In other words, as the County states, "no underlying constitutional deprivation

19   occurred." County Br. (Doc. 27) at 8.  In Response to the County, Plaintiff asserts that he has

20   submitted sufficient evidence for a reasonable person to find that his injury was the result of

21   inadequate training and supervision.  Resp. (Doc. 42) at 2.  This assertion is irrelevant.  Plaintiff's

22   causes of action against Defendants are exclusively based on the medical care he did or did not

23   receive in the days following the accident.

24         In Response to CFMG (against whom the court has already determined Plaintiff cannot

25   establish liability), Plaintiff states that "[t]he facts show that Defendants' *undertook* to provide

26   Plaintiff with medical care consistent with modern medical standards for a crushed finger injury

27   but did not actually render competent medical treatment under the circumstances."  Resp. (Doc.

28   41) at 2 (emphasis in original).  Even taking Plaintiff's arguments against CFMG and applying

United States District Court
Northern District of California

8

them to the County, Plaintiff is arguing "mere negligence, not deliberate indifference to a serious medical problem sufficient to establish cruel and unusual punishment under the Eighth Amendment." *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Thus, Plaintiff is unable to show that the County's policies or omissions resulted in deliberate indifference to his serious medical needs and Defendants are entitled to summary judgment as to the federal claims contained in Counts I and II.

### B.   State Law Claims

There is some confusion as to whether Plaintiff intended to assert separate causes of action in this case based on state law. That is, the Complaint intertwines claims invoking the United States Constitution, the California Constitution, and federal and state civil code sections. Out of an abundance of caution, Defendants have moved for summary judgment as to any of Plaintiff's claims grounded in state law.

In addition to alleging violations of the Eighth and Fourteenth Amendments in Count I of the Complaint, Plaintiff alleges a violation of the California Constitution under Article I, section 7(a) and section 15. The County asserts that these claims are barred by the exclusive remedy rule under the Workers Compensation Act, because Plaintiff sought and obtained relief under the Act. Plaintiff does not respond to the County's arguments.

In reviewing the state court claims in relation to these motions, the court determines it is appropriate to decline supplemental jurisdiction and dismiss the state law claims.

A federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A court may decline to exercise supplemental jurisdiction, however, where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In considering whether to retain supplemental jurisdiction, a court should consider factors such as "economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (internal quotation marks omitted).

United States District Court
Northern District of California

1  *Roy v. Contra Costa Cnty., et al.*, No. 15-CV-02672-TEH, 2015 WL 5698743, at *9 (N.D. Cal.

2  Sept. 29, 2015).  "Comity and precedent in this circuit strongly disfavors exercising supplemental

3  jurisdiction.  'The Supreme Court has stated, and we have often repeated, that 'in the usual case in

4  which all federal-law claims are eliminated before trial, the balance of factors . . . will point

5  toward declining to exercise jurisdiction over the remaining state law claims.' " *Heatherly v.*

6  *Malika*, No. C-11-04125 DMR, 2013 WL 5754106, at *2 (N.D. Cal. Oct. 23, 2013) (quoting *Acri*,

7  114 F.3d at 1001.

8        Article 1, § 7(a) of the California Constitution provides that "[a] person may not be

9  deprived of life, liberty, or property without due process of law or denied equal protection under

10  the laws."  Article 1, § 15 of the California Constitution states that a "defendant in a criminal

11  cause has the right to a speedy public trial, to compel attendance of witnesses in the defendant's

12  behalf, to have the assistance of counsel for the defendant's defense, to be personally present with

13  counsel, and to be confronted with the witnesses against the defendant."  The court is unclear as to

14  how Article 1, § 15 would apply in this case.  In any event, "the California Constitution does not

15  provide a private right of action for damages to remedy an asserted violation of Article I, Section

16  15 of the California Constitution."  *Rodriguez v. Kwok*, No. C 13-04976 SI, 2014 WL 889570, at

17  *4 (N.D. Cal. Mar. 3, 2014).  Similarly, "the due process and equal protection clause of the

18  California Constitution, Article 1 § 7(a), does not provide an action for monetary relief."  *Harvey*

19  *v. City of Oakland*, No. C07-01681 MJJ, 2007 WL 3035529, at *6 (N.D. Cal. Oct. 16, 2007).

20  Thus, Plaintiff would be limited to injunctive or declaratory relief for possible violations of the

21  California Constitution. [4]

22

23

24        [4]Although California does not recognize a private right of action under sections 7(a) or 17,
it permits plaintiffs to sue for violations of these provisions under section 52.1 of the
25  California Civil Code, which is "the California state law analog to section 1983." *Johnson
v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1167 (9th Cir.2013).  However, not all
26  violations of the California Constitution are cognizable under section 52.1. In order to
prevail on his claim under section 52.1, a plaintiff must allege not only that the defendant
27  deprived him of an interest protected by the California Constitution, but that he did so
using "threats, intimidation, or coercion." Cal. Civ.Code § 52.1(a); *Jones v. Kmart Corp.*,
28  17 Cal.4th 329, 334, 70 Cal.Rptr.2d 844, 949 P.2d 941 (1998).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    In addition, the analysis for the County's Motion would also involve significant

2    consideration of "public policy" under California law.  This is because the "workers'

3    compensation exclusivity rule does not apply to an injury resulting from conduct in violation of a

4    fundamental public policy."  *Hoa v. Riley*, 78 F. Supp. 3d 1138, 1150 (N.D. Cal. 2015) (quoting

5    *Singh v. Southland Stone, U.S.A., Inc.,* 186 Cal.App.4th 338, 368, 112 Cal.Rptr.3d 455 (2010)).

6    Nor does the exclusivity rule "preclude the employee from suing anyone else [*i.e.*, other than the

7    employer] whose conduct was a proximate cause of the injury."  *Id.* (quoting *Privette*, 5 Cal.4th at

8    697, 21 Cal.Rptr.2d 72, 854 P.2d 721 (1993)).  Thus, in light of the possible application of

9    injunctive or declaratory relief based on the California Constitution and consideration of "public

10   policy" under California law, the notion of comity is best served by allowing these claims to be

11   decided by the state court.  Accordingly, the court declines to exercise supplemental jurisdiction

12   over the remaining state law claim in Count I in light of the balance of discretionary factors and

13   the language and purpose of 28 U.S.C. § 1367(c).

14   Fort the sake of clarity, there is no state law cause of action contained in Count II.  In that

15   Count, Plaintiff alleged that the "conduct of Defendants was fraudulent, oppressive, and malicious

16   within the meaning of California Civil Code section 3294."  However, this codes section "only

17   provides for damages related to a separate cause of action," *Brown v. Adidas Int.*, 938 F. Supp.

18   628, 635 (S.D. Cal. 1996) and itself does "not constitute a separate cause of action."  *Id.*

19   Moreover, "Civil Code Section 3294 does not apply to public entities."  *Mitchel v. City of Santa*

20   *Rosa*, 695 F. Supp. 2d 1001, 1008 (N.D. Cal. 2010) aff'd in part, 476 F. App'x 661 (9th Cir.

21   2011).

22   **V.    CONCLUSION**

23   Accordingly, and for the reasons stated above, it is ORDERED that the Motions for

24   Summary Judgment are GRANTED as to Plaintiff's claims brought pursuant to federal law.

25   Because the court declines to exercise supplemental jurisdiction, the claims based on state law are

26   DISMISSED and Defendants' requests for summary judgment as Plaintiff's state law claims are

27

28   *Stroman v. Davis*, 2014 WL 3867473, at *3 (E.D. Cal. Aug. 6, 2014).  In other words, there are many
possible state issues to resolve within this claim.

1    denied as moot.

2            A separate judgment will issue.

3            **IT IS SO ORDERED**.

4    Dated: October 20, 2015

5                                                              _____
                                                              NANDOR J. VADAS
6                                                              United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California